UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN BLIND AND WALLPAPER
FACTORY, INC.,

                        Plaintiff,                        No. 06-CV-14580-DT

vs.                                                        Hon. Gerald E. Rosen

3 DAY BLINDS, INC.,

                        Defendant.
_____/

ORDER VACATING OCTOBER 31, 2006 ORDER, IN PART,
AND VACATING OCTOBER 31, 2006 JUDGMENT OF DISMISSAL

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on     November 9, 2006

                PRESENT:   Honorable Gerald E. Rosen
                                     United States District Judge

On October 31, 2006, following a hearing held on October 27, 2006, this Court entered an Opinion and Order and Judgment (1) denying Plaintiff's Motion for a temporary restraining order and (2) dismissing Plaintiff's Complaint, without prejudice.[1] Having reviewed the transcript of the October 27 hearing, and having further considered this matter, the Court has concluded that it mistakenly ordered the dismissal of Plaintiff's

---

[1] The Court also entered an Order on November 7, 2006 denying Defendant's request that the Court act pursuant to its inherent authority and impose sanctions against Plaintiff.

Complaint as it did not notify the parties, either "before or after the commencement of the hearing" on Plaintiff's motion for a temporary restraining order, that it was consolidating the hearing with trial on the merits pursuant to Fed. R. Civ. P. 65.

Fed. R. Civ. P. 60(b) provides the Court with authority to correct such a mistake. The Rule provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise or excusable neglect. . . .

Fed. R. Civ. P. 60(b)(1).

Although the language of Rule 60(b) speaks of granting relief "on motion," the rule does not say whether the motion must be made by a party or whether the court can act on its own motion. While Rule 60(a) says that relief under that subsection may be granted "on the motion *of any party*," Rule 60(b) uses entirely unqualified language and states only "on motion." Case law construing Rule 60(b) establishes that, in most instances, a court may grant relief under Rule 60(b) *sua sponte*.

The traditional definition of *sua sponte* is that the court acts of "its own will or *motion*." Black's Law Dictionary 1277 (5th ed.) (emphasis added). The Fourth Circuit has construed Rule 60(b) as not "depriving the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961). Similarly, the Fifth Circuit has held that a district judge can vacate a

judgment under Rule 60(b) "on its own motion."  *McDowell v. Celbrezze*, 310 F.2d 43 (5th Cir. 1962).  The Ninth Circuit likewise has held that a judge may act *sua sponte* to repair mistakes in judgments and orders pursuant to Fed. R. Civ. Pro. 60(b)(1).  In *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999), the court explained:

> Rule 1 [of the Federal Rules of Civil Procedure] says that the rules are to be construed to secure the "just" determination of every action.  Justice is better served by letting a judge repair mistakes in default judgments more than ten days old, in the fortunate circumstances where the judge happens to notice them.

*Id.* at 352.  *See also, Simer v. Rios*, 661 F.2d 655, 663 n. 18 (7th Cir. 1981), *cert. denied*, 456 U.S. (1982) (Rule 60(b) invests a district court with authority to vacate a judgment *sua sponte*); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2nd Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978) (district courts may *sua sponte* cure errors pursuant to Rule 60(b)(6)); *United States v. Certain Land Situated in the City of Detroit*, 178 F. Supp.2d 792 (E.D. Mich. 2001) (same).[2]

---

[2] Although in *Eaton v. Jamrog*, 984 F.2d 760 (6th Cir. 1993), the Sixth Circuit held that the district court may not act *sua sponte* to grant Rule 60(b) relief, the appellate court's ruling in that case has been narrowly construed and found to only prohibit a district court from acting *sua sponte* to vacate and then reenter its prior order for the sole purpose of providing plaintiffs with additional time within which to file a notice of appeal.  *See Lifeline Limited No. II v. Connecticut General Life Ins. Co.*, 821 F. Supp. 1213, 1214 n. 1 (E.D. Mich. 1993).  *Cf., Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) (noting limited scope of the *Jamrog* ruling).  As the court noted in the *Lifeline* case,

> Plaintiff cites *Eaton v. Jamrog*, 984 F.2d 760 (6th Cir. 1993), for the proposition that a district court does not have the power to reconsider *sua*

3

The Court finds that in this case, the interests of justice would be best served by allowing Plaintiff an opportunity to establish, through discovery, that its claims of trademark infringement/dilution and unfair competition have merit.  Therefore, pursuant to Fed. R. Civ. P. 60(b)(1),

IT IS HEREBY ORDERED that the dismissal ordered in the Court's October 31, 2006 Opinion and Order, and the Judgment of Dismissal, without Prejudice, entered that same date, be, and hereby is vacated, and Plaintiff's Complaint is, accordingly, reinstated to the Court's active docket.

IT IS FURTHER ORDERED that Plaintiff may have until **December 29, 2006** to develop, through discovery, evidentiary support for the trademark infringement/dilution and unfair competition claims alleged in Plaintiff's Complaint.

IT IS FURTHER ORDERED that if, by December 29, 2006,  Plaintiff is unable to establish an evidentiary basis for its allegations, Plaintiff shall move for voluntary dismissal of its Complaint.  Failure to do so will result in the entry of an order sanctioning Plaintiff and awarding Defendant costs and attorneys fees encompassing all costs and fees

---

*sponte* a final order.  *Eaton*, however, does not stand for such a grand proposition.  *Eaton* merely said that under Fed. R. Civ. P. 60(b), a district court does not have discretion to vacate and then reenter its earlier judgment for the sole purpose of providing plaintiffs with additional time in which to appeal.  *Id.* at 762.  My purpose in this Opinion and Order is to redetermine whether plaintiff's claims of tortious interference state claims upon which relief can be granted.  I am not interested in providing plaintiffs with additional time in which to appeal.

821 F. Supp. at 1214 n. 1.

incurred by Defendant in connection with this matter from the date of the pre-Complaint correspondence between the parties and/or counsel for the parties [*see e.g.,* Exhibits 2 and 4 to Defendant's Response to Plaintiff's Motion for Temporary Restraining Order] through the date of dismissal.

      SO ORDERED.

                    s/Gerald E. Rosen
                    Gerald E. Rosen
                    United States District Judge

Dated: November 9, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2006, by electronic and/or ordinary mail.

                    s/LaShawn R. Saulsberry
                    Case Manager